
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO ALLEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:12-cv-0974-AKK** |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Orlando Allen ("Allen") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits to Allen.

### I. Procedural History

Allen protectively filed applications for Disability Insurance Benefits and

Supplemental Security Income benefits on August 7, 2008, alleging a disability onset date of August 1, 2005, which he later amended to January 1, 2008, due to type II diabetes and blurry vision. (R. 103, 106). After the SSA denied his applications, Allen requested a hearing before an ALJ. (R. 59, 64). The ALJ subsequently denied Allen's claims (R. 48-56), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-6). Allen then filed this action for judicial review pursuant to §§ 205(g) and 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1; *see also* doc. 9.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must

meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.  Therefore, if

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV. The ALJ's Decision

The ALJ properly applied the five step analysis. Initially, the ALJ determined that Allen has not engaged in substantial gainful activity since January 1, 2008, and therefore met Step One. (R. 53). At Step Two, the ALJ noted that Allen's diabetes mellitus, hypertension, and mild obesity are medically determinable impairments, but found that Allen "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12

consecutive months; therefore, [Allen] does not have a severe impairment or combination of impairments." *Id*. After answering Step Two in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ determined that Allen is not disabled.

## V.  Analysis

Allen contends that the ALJ's opinion is not based on substantial evidence because of a failure to (1) consider listing 12.05C for mental retardation, (2) obtain a medical source opinion, and (3)present a hypothetical to the vocational expert that included all of his conditions. *See* doc. 9. As set forth more fully below, the court finds that the ALJ's decision is supported by substantial evidence.

**A.     Listing 12.05C**

Allen maintains that the verbal IQ score of 68 he obtained while in high school qualifies him as disabled under Listing 12.05C. To receive benefits, the mental retardation listing in § 12.05 requires a claimant to demonstrate a "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt.  P, App.1 §§ 12.00A, 12.05. Under § 12.05C, a claimant is entitled to a rebuttable presumption of disability if he presents evidence of (1) "[a] valid

verbal, performance, or full scale IQ of 60 through 70[,]" and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.05C; *Hodges v. Barnhart*, 276 F.3d 1265, 1266, 1268-69 (11th Cir. 2001). Allen's verbal IQ score of 68 satisfies the first prong of the 12.05C test, however, Allen failed to establish the second prong.

With respect to the second prong, Allen asserts that his impairments of hypertension, diabetes, and obesity qualify as "additional and significant work-related limitation of function" under 12.05C. At the hearing before the ALJ, Allen testified that his diabetes and hypertension medications cause drowsiness, dizziness, and blurred vision, and, as a result, limit his ability to work. (R.33-34). Allen asserts also that he suffers from back and foot pain, which prevent him from standing or sitting for extended periods of time. *Id*. Unfortunately for Allen, the medical evidence does not support his assertion of work-related limitations. While it is undisputed that Allen suffers from diabetes and hypertension, the record reflects that these illnesses are well controlled with medication and that Allen's blood pressure elevated only because he failed to take his medicine as instructed. *See id.* at 213-216, 223. Moreover, Allen consistently reported to Dr. Sulaf Mansur at Cooper Green Mercy Hospital, during several follow-up visits for

diabetes and foot care, that he had no problems. *See, e.g.,* (R. 200). In short, there is simply no evidence in the record to support Allen's contention that his hypertension and diabetes render him disabled.

Likewise, with respect to Allen's alleged back pain, the evidence also does not establish a disabling condition. Although Dr. William Cason diagnosed Allen with degenerative arthritis of the cervical spine, the diagnosis was with no acute process. (R. 196). Importantly, there is no other evidence in the record suggesting lasting back pain or any other complications resulting from Allen's hypertension and diabetes.

Additionally, Allen failed to present any medical evidence to support his claim that his obesity creates a work-related limitation. In the absence of such evidence, the ALJ relied on Allen's own testimony and report about his daily activities. On the function report, Allen indicated that each day he "take[s] a walk around [his] neighborhood," cares for himself, plays football with his grandchildren, sits and watches TV, visits a friend, occasionally prepares meals, cleans the home, and performs chores like laundry and sweeping. (R.162, 168). Notably, when asked to indicate how his conditions affect his ability to lift, squat, bend, stand, walk, sit, see, complete tasks, and other activities, Allen wrote "none." *Id.* at 169. In other words, by Allen's own admissions, his obesity does

not render him disabled.  Therefore, the ALJ committed no error.

Finally, Allen asserts that he unable to work because he is illiterate. However, this claim is completely unsubstantiated by the record.  In fact, the only education related evidence shows that Allen was tested for special education placement and successfully graduated from high school.  *Id*. at 185-188.  To the extent that Allen is illiterate, he failed to establish this claim.

In sum, based on this evidence, Allen fails to meet the requirements for presumptive disability under listing 12.05C because there is no substantial evidence of any "additional and significant work-related limitation of function."

**B.**    **Obtaining Medical Source Opinions**

Allen asserts next that the ALJ erred in not obtaining a medical source opinion "to ascertain the extent of the limitations."  Doc. 9 at 8.  The regulation, however, states that a consultative examination is required only "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim." 20 C.F.R. 404.1519a(b).  There was no need for a consultative exam because the ALJ had a complete record from which to make a determination.  An exam is normally required "only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources."  *Id*. at § 404.1519a(b).  Here, however, the

medical evidence showed that Allen's alleged impairments were easily controlled with medication and presented no work-related limitations. Therefore, the ALJ committed no error when he failed to request a consultative examination.

### C. Vocational Expert Hypotheticals

Finally, Allen contends that the ALJ erred by failing to present a hypothetical to the vocational expert that included all of Allen's conditions and limitations. Doc.9 at 5. The record belies this contention. The ALJ specifically asked the vocational expert about Allen's occupational base and then asked: "What would be the vocational impact of an inability to read on the unskilled occupational base?" (R. 42-43). The ALJ expanded the hypothetical to include whether "an individual who has the same *age, education and work experience* as Mr. Allen, and has the *abilities and limitations that were described by him in his testimony* be able to perform his past relevant work[.]" *Id*. at 43 (emphasis added). The ALJ then inquired about whether there would "be any other occupations that could be performed by an individual having the same age, education and work experience as Mr. Allen, and the abilities and limitations to which he testified[.]" *Id*. at 44. In other words, because Allen testified about his alleged impairments and the vocational expert reviewed his record, the posed hypotheticals clearly included all of Allen's conditions and limitations. Accordingly, the ALJ's

findings are supported by substantial evidence.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Allen is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 11th day of December, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE